IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

CODY BAKER                                                                                          PLAINTIFF

v.                                    Civil No. 1:18-cv-1022

ASHLEY COUNTY DETENTION
CENTER                                                                                              DEFENDANT

### ORDER

Before the Court is Plaintiff Cody Baker's failure to keep the Court informed of his address and failure to prosecute this case. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on March 20, 2018, in the Eastern District of Arkansas. (ECF No. 2). On April 13, 2018, the case was transferred to the Western District of Arkansas, El Dorado Division. (ECF No. 5).

On April 16, 2018, this Court entered an order granting Plaintiff's application to proceed *in forma pauperis*. (ECF No. 7). This order also advised Plaintiff that the Ashley County Detention Center was not a proper defendant and directed Plaintiff to file an amended complaint on or before May 7, 2018. Plaintiff was advised in this order that failure to respond by the Court's imposed deadline would subject this case to dismissal, without prejudice, pursuant to Local Rule 5.5(c)(2). Plaintiff was also advised that failure to keep the Court notified of his current address could result in dismissal of his case. (ECF No. 7). On April 25, 2018, the order directing the filing of an amended complaint was returned to the Court as undeliverable with no forwarding address available. (ECF No. 10). As of the date of this Order, Plaintiff has not filed an amended complaint as ordered by the Court.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his current address and has failed to prosecute this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 2) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 30th day of May, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge